UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
PEARLINE O. LIBURD,

                Plaintiff,

-against-

BRONX LEBANON HOSPITAL CENTER,
ANDREAS EVDOKAS individually and as
Administrative Director, RAYMOND ESTEVES
individually and as Assistant Vice President of Clinical
Services,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No.

07 CV 11316 (HB)


## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' RULE 12(b) (6) MOTION TO DISMISS

RESPECTFULLY SUBMITTED,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
BRONX LEBANON HOSPITAL
CENTER, ANDREAS EVDOKAS, &
RAYMOND ESTEVES
150 East 42nd Street
New York, New York 10017- 5639
(212) 490-3000
File No. 08981.00035

COUNSEL:    RICKI E. ROER
                     NANCY V. WRIGHT

3198329.2

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

STANDARD OF REVIEW .......................................................................................................2

ARGUMENT

      POINT I

      PLAINTIFF'S PRE-DECEMBER 21, 2005 TITLE VII
      AND ADEA CLAIMS ARE UNTIMELY AND THE
      CONTINUING VIOLATION DOCTRINE IS INAPPLICABLE .................................4

      POINT II

      PLAINTIFF'S OPPOSITION BRIEF DID NOT CURE
      THE DEFECTS OF HER DISCRIMINATION CLAIMS ...........................................6

      A.  Plaintiff Has Not Stated A Discrimination Claim ................................................6

      B.  Plaintiff Has Not Pled A Viable Hostile Work Environment Claim .....................8

      POINT III

      PLAINTIFF'S § 1983 CLAIM FAILS BECAUSE
      NONE OF THE DEFENDANTS ARE STATE ACTORS .................................... 10

CONCLUSION ....................................................................................................................... 11

## TABLE OF AUTHORITIES

**CASES**                                                                                                          **Page No.**

AMTRAK v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)..........5-6

Alfano v. Costello, 294 F.3d 365 (2d Cir. 2002).................................................................8

Austin v. Ford Models Inc., 149 F.3d 148 (2d Cir. 1998).....................................................6

Bembry v. Darrow, 97 F. Supp. 2d 281 (N.D.N.Y. 2000) ...................................................5

Blesedell v. Mobil Oil Co., 708 F. Supp. 1408 (S.D.N.Y. 1989) ........................................5

Blum v. Yaretsky, 457 U.S. 991, 73 L. Ed. 2d 534, 102 S. Ct. 2777 (1982)...................10

Bottge v. Suburban Propane, 77 F. Supp. 2d 310 (N.D.N.Y. 1999)................................6

Boxill v. Brooklyn College, 115 Fed. Appx. 516, 517 (2d Cir. 2004) ...............................5

Brass v. America Film Tech., Inc., 987 F.2d 142 (2d Cir. 1993) ......................................3

Brightman v. Prison Health Services, Inc., 2007 U.S. Dist. LEXIS 23724
    (E.D.N.Y. Mar. 30, 2007)...............................................................................................8

Burlington Industrial v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257 (1998) ............................6

Cooper v. John D. Brush & Co., 242 F. Supp. 2d 261 (W.D.N.Y. 2003) .........................8

Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991) ........................4

Cruz v. Coach Stores, Inc., 202 F.3d 560 (2d Cir. 2000) .................................................9

Dollinger v. State Insurance Fund, 44 F. Supp. 2d 467 (N.D.N.Y. 1999).....................3-4

Dorcely v. Wyandanch Union Free School District, 2007 U.S. Dist. LEXIS 71068
    (E.D.N.Y. 2007).............................................................................................................1

Fitzgerald v. Henderson, 251, F.3d 345 (2d Cir. 2001)....................................................5

George v. New York City Health and Hospital Corp., 2003 U.S. Dist. LEXIS 1927
    (S.D.N.Y. Feb. 11, 2003)...........................................................................................2-3

Ghosh v. New York University Medical Ctr., 576 F. Supp. 86 (S.D.N.Y. 1983)...............5

Gregory v. Daly, 243 F.3d 687 (2d Cir. 2001) ...................................................... 8, 10 -11

Gross v. NBC, 232 F. Supp. 2d 58 (S.D.N.Y. 2002) ........................................................ 5

Harris v. Forklift System, Inc., 510 U.S. 17 .................................................................... 9

Hirsch v. Arthur Andersen & Co., 72 F.3d 1085 (2d Cir. 1995) [*11] ............................... 8

Humphrey v. Council of Jewish Federations, 901 F. Supp. 703 (S.D.N.Y. 1995) ............ 6

James v. FRB, 2005 U.S. Dist. LEXIS 43493 (E.D.N.Y. Aug. 8, 2005) ............................ 9

Jenkins v. New York City Transit Authority, 2002 U.S. Dist. LEXIS 15546
    (S.D.N.Y. Aug. 21, 2002) ......................................................................................... 2, 7

Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59 (2d Cir. 1992) ........... 9

Kulkarni v. City University of N.Y., 2002 U.S. Dist. LEXIS 10562 (S.D.N.Y., 2002) ......... 2

Lambert v. Genesee Hospital, 10 F.3d 46 (2d Cir. 1993), cert. denied, 511 U.S.
    1052 (1994) ................................................................................................................. 4

Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162 (U.S. 2007) .......................... 6

Lugo v. Milford Management Corp., 956 F. Supp. 1120 (S.D.N.Y. 1997) ........................ 7

Mangaroo v. Boundless Tech., Inc., 253 F. Supp. 2d 390 (E.D.N.Y. 2003) ..................... 7

Marshall v. National Associate of Letter Carriers Br. 36, 2003 U.S. Dist. LEXIS
    19918 (S.D.N.Y. Nov. 7, 2003) ..................................................................................... 7

Mazurkiewicz v. New York City Transit Authority, 810 F. Supp. 563 (S.D.N.Y.
    1993) ............................................................................................................................ 1

McCarthy v. New York City Tech. College, 202 F.3d 161 (2d Cir. 2000) ......................... 7

Morse v. University of Vermont, 973 F.2d 122 (2d Cir. 1992) .......................................... 6

Okunieff v. Rosenberg, 996 F. Supp. 343 (S.D.N.Y. 1998) ............................................ 10

Ortega v. New York City Off-Track Betting, 1998 U.S. Dist. LEXIS 9727
    (S.D.N.Y. 1998) ............................................................................................................ 9

P.A. Properties, Inc. v. B.S. Moss Criterion Center Corp., 2004 U.S. Dist. LEXIS
    25623 (S.D.N.Y. 2004) ................................................................................................. 1

Prince v. Cablevision System Corp., 2005 U.S. Dist. LEXIS 8147 (S.D.N.Y. May 6, 2005) ........................................................................................................................ 9

Riedinger v. D'Amicantino, 974 F. Supp. 322 (S.D.N.Y. 1997) ......................................... 5

Shumway v. United Parcel Srvc., Inc., 118 F.3d 60 (2d Cir. 1997) .................................. 7

Simpson v. N.Y. State Department of Civ. Serv., 2005 U.S. Dist. LEXIS 3399 (SDNY 2005), aff'd., 2006 U.S. App. LEXIS 795, 4 (2d Cir. 2006) ............................ 6

Stork v. Suffolk County Department of Social Services, 62 F. Supp. 2d 927 (E.D.N.Y. 1999) ................................................................................................................ 10

Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002) ......................................................... 2

Tamayo v. City of New York, 2003 WL. 21448366 (S.D.N.Y. 2003) ................................ 2

Thomas v. Westchester County Health Care Corp., 232 F. Supp. 2d 273 (S.D.N.Y. 2002) ........................................................................................................... 5

Timothy v. Our Lady of Mercy Medical Ctr., 2004 U.S. Dist. LEXIS 3970 (S.D.N.Y. Mar. 12, 2004) ................................................................................................ 5

Tomka v. Seiler, 66 F.3d 1295 (2d Cir. 1995) .................................................................. 6

Torres v. Pisano, 116 F.3d 625 (2d Cir.), cert. denied, 522 U.S. 997 (1997) ................... 9

Valle v. Bally Total Fitness, 2003 U.S. Dist. LEXIS 17093 (S.D.N.Y. Sept. 30, 2003) ....................................................................................................................... 2, 6, 9

Vaughn v. Consumer Home Mortgage, Inc., 293 F. Supp. 2d 206 (E.D.N.Y. 2003) ............................................................................................................................. 3

Watts v. New York City Department of Juvenile Justice, 2003 U.S. Dist. LEXIS 21035 (S.D.N.Y. Nov. 19, 2003) .................................................................................. 3

Whyte v. Contemporary Guidance Services, 2004 U.S. Dist. LEXIS 12447 (S.D.N.Y. June 30, 2004) ....................................................................................... 3, 9

Young, et al. v. Halle Housing Associates, et al., 2001 U.S. Dist. LEXIS 5820 (S.D.N.Y. 2001) ........................................................................................................ 10

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in further support of the defendants' **BRONX LEBANON HOSPITAL CENTER, ANDREAS EVDOKAS, & RAYMOND ESTEVES'** (collectively, the "Hospital") Rule 12(b)(6) motion to dismiss plaintiff's complaint in its entirety.

Dismissal is warranted at this juncture because plaintiff's conclusory allegations coupled with her pleading concessions confirm that plaintiff's suit cannot survive a 12(b) (6) review. Plaintiff opposition papers not only failed to cure her pleading deficiencies but contain material concessions and omissions that require dismissal now.[1] Dismissal is warranted because: (1) plaintiff concedes that her pre December 21, 2005 Title VII claims are time-barred and she fails to plead any facts showing that the continuing violation exception applies; (2) plaintiff proffers no meaningful opposition to the dismissal of her non-termination claims which are insufficiently pled as a matter of law; (3) plaintiff confirms her belief that she was terminated and allegedly subjected to extra scrutiny and supervision not because of discrimination, but because she allegedly refused to fabricate a justification to account for twelve computers purchased with grant money; and, (4) the Hospital and its employees are not state actors and therefore no § 1983 claim can be asserted against them. (See plaintiff's opposition brief, pp.1-2, 5-6).

---

[1] Plaintiff asserts a national origin claim for the first time in her opposition papers when no such claim is reflected in her complaint, and also appears to have abandoned her color and gender discrimination claims. She has submitted no rebuttal to defendant's arguments for dismissal on these bases. (See opposition papers, p. 2). It is respectfully requested that the Court disregard all mention of a national origin discrimination claim and so-order the plaintiff's abandonment of her color and gender discrimination claims. See P.A. Properties, Inc. v. B.S. Moss Criterion Center Corp., 2004 U.S. Dist. LEXIS 25623 (S.D.N.Y. 2004) (pre-answer dismissal granted as abandoned where plaintiff failed to oppose dismissal arguments); Dorcely v. Wyandanch Union Free School District, 2007 U.S. Dist. LEXIS 71068 (E.D.N.Y. 2007) (same); Mazurkiewicz v. New York City Transit Authority, 810 F.Supp. 563 (S.D.N.Y. 1993) (same).

3198329.2

Plaintiff's concessions preclude her from pleading the requisite elements of her claim, i.e., an adverse action taken because of plaintiff's race, gender or age. Plaintiff was removed from the Hospital's payroll for one reason only, her unauthorized long distance telephone charges in direct violation of the Hospital's telephone policy. The EEOC has already found plaintiff's claims to have no merit and it is respectfully submitted that this Court should reach the same conclusion.

### STANDARD OF REVIEW

Plaintiff cites to Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002) for the proposition that she need not be more specific in her pleadings. In fact, Swierkiewicz does not relieve plaintiff of the obligation to identify in her pleadings a specific employment practice that is the cause of the disparate impact. Kulkarni v. City Univ. of N.Y., 2002 U.S. Dist. LEXIS 10562 (S.D.N.Y., 2002). Even under Swierkiewicz, a Rule 12(b)(6) motion to dismiss should be granted where as here, a complaint fails to allege anything more than unsupported conclusory allegations of discrimination. Swierkiewicz; Tamayo v. City of New York, 2003 WL 21448366 (S.D.N.Y. 2003) (allegations of discrimination and promotion policy violation deemed insufficient to state a claim where plaintiff alleged no facts showing these actions were motivated by discriminatory animus); Jenkins v. New York City Transit Authority, 2002 U.S. Dist. LEXIS 15546 (S.D.N.Y. Aug. 21, 2002) (complaint failed to state a claim where it is devoid of factual support for assertions of discrimination).

Contrary to plaintiff's contentions, the Hospital has cited cases which support dismissal at this pre-answer juncture, i.e., Valle v. Bally Total Fitness, 2003 U.S. Dist. LEXIS 17093 (S.D.N.Y. Sept. 30, 2003) (pre-answer dismissal granted where complaint only contained conclusory allegations); George v. New York City Health and Hosp. Corp., 2003 U.S. Dist.

LEXIS 1927, at *6 (S.D.N.Y. Feb. 11, 2003) reconsideration den'd, 2003 U.S. Dist. LEXIS 9817 (S.D.N.Y. June 11, 2003) (pre-answer dismissal granted); Whyte v. Contemporary Guidance Services, 2004 U.S. Dist. LEXIS 12447 (S.D.N.Y. June 30, 2004), (pre-answer dismissal of plaintiff's age, gender, race, and national origin discrimination and hostile work environment claims due to plaintiff's insufficient allegations of discrimination). These cases all confirm that pre-answer dismissal is warranted, where as here, plaintiff alleges nothing more than conclusory allegations of discrimination.

Additionally, plaintiff cannot avoid dismissal by objecting to the Court's review of documents incorporated by reference into her complaint, the authenticity of which is not in dispute. Case law is clear that evidence incorporated by reference into the complaint, documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit, as well as documents that are integral to plaintiff's claims, can and should be considered on a pre-answer motion.[2] Vaughn v. Consumer Home Mortgage, Inc., 293 F. Supp. 2d 206 (E.D.N.Y. 2003) (citing Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993)); Watts v. New York City Department of Juvenile Justice, 2003 U.S. Dist. LEXIS 21035 (S.D.N.Y. Nov. 19, 2003); Thomas v. Westchester County Health Care Corp., 232 F. Supp. 2d 273, 275-278 (S.D.N.Y. 2002) (Court may take judicial notice of records and reports of administrative bodies and documents integral to claim despite plaintiff's failure to attach them to the complaint); Dollinger v. State Ins. Fund, 44 F. Supp. 2d 467, 472 (N.D.N.Y. 1999) (Court properly

---

[2] Defendant's submitted plaintiff's EEOC Charge, the Hospital's response to same complete with attachments, and the EEOC's Determination. The Hospital's attachments to its EEOC response are properly before this Court because they are all integral to plaintiff's claims, i.e., the actual Hospital policies plaintiff claims were at issue and/or disparately implemented and plaintiff's signed acknowledgement of same (Attachments "A", "B", and "E"); plaintiff's salary, raise, and termination documents which are discussed throughout her complaint (Attachment "C"); plaintiff's prior complaint to the Hospital discussed in paragraph "42" of her complaint (Attachment "D"); and, the telephone logs reflecting long distance calls made by plaintiff and the Hospital's demand for payment as referenced in paragraphs "55"–"64" of plaintiff's complaint (Attachments "F" and "G").

3

3198329.2

considered the EEOC complaints and determinations); see also Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

It is respectfully submitted that plaintiff has failed to state a viable claim even under our liberal pleading standards and her complaint should be dismissed at this juncture.

**ARGUMENT**
**POINT I**
**PLAINTIFF'S PRE-DECEMBER 21, 2005 TITLE VII**
**AND ADEA CLAIMS ARE UNTIMELY AND THE**
**CONTINUING VIOLATION DOCTRINE IS INAPPLICABLE**

Plaintiff's attempt to avoid the effect of the conceded untimeliness of her pre-December 21, 2005 Title VII and ADEA claims with the continuing violation exception to the statute of limitations must fail because the exception is not applicable at bar. The continuing violation exception applies only to "cases involving specific discriminatory policies or mechanisms such as discriminatory seniority lists, or discriminatory employment tests." Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993), cert. denied, 511 U.S. 1052 (1994).).

Plaintiff has utterly failed to plead any such ongoing discriminatory policy or mechanisms and her reliance on the continuing violation doctrine is utterly misplaced. Plaintiff's claim that the Hospital had a pattern and practice of terminating black, older, female employees is simply insufficient to meet the stringent standards for the continuing violation exception; plaintiff has not pled that a discriminatory act occurred, much less one that occurred in furtherance of a specific discriminatory policy or mechanism. The Hospital's employee statistics, almost 90% of its employee population is non-white, over 60% within the protected age group, and over 64% female precludes such a claim. "The courts in this circuit have consistently looked unfavorably on continuing violation arguments. Indeed, only 'compelling

circumstances' will warrant application of the exception to the statute of limitations." Riedinger v. D'Amicantino, 974 F. Supp. 322, 325 (S.D.N.Y. 1997) (quoting Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1415 (S.D.N.Y. 1989)). The Second Circuit Court of Appeals reiterated this holding in Boxill v. Brooklyn College, 115 Fed. Appx. 516, 517 (2d Cir. 2004). In Boxil, the Court dismissed as untimely plaintiff's case where she "present[ed] evidence of specific events but provide[d] no evidence of an underlying discriminatory policy or program", which requires identification of *specific discriminatory policies such as seniority lists and exams*. See Boxill, 115 Fed. Appx. at 517 (citing Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993), *cert. denied*, 511 U.S. 1052 (1994)); Bembry v. Darrow, 97 F. Supp. 2d 281, 288 (N.D.N.Y. 2000); Ghosh v. New York Univ. Med. Ctr., 576 F. Supp. 86, 93 n.24 (S.D.N.Y. 1983) (simply "cit[ing] a number of instances in which [plaintiff] was allegedly discriminatorily treated" will not suffice to salvage untimely claims); Gross v. NBC, 232 F. Supp. 2d 58 (S.D.N.Y. 2002) (merely invoking the words "pattern" or "practice" cannot overcome time bar); (Timothy v. Our Lady of Mercy Med. Ctr., 2004 U.S. Dist. LEXIS 3970 (S.D.N.Y. Mar. 12, 2004) (same).

Plaintiff misstates the law when she claims that she does not need to plead the existence of a discriminatory policy or mechanism[3] and cites to Fitzgerald v. Henderson, 251, F.3d 345 (2d Cir. 2001), which clearly states that isolated acts will not suffice to invoke the continuing violation exception and that acts that rise to the level of a discriminatory policy or practice is required. The Hospital's statistics render this contention untenable as does recent U.S. Supreme Court cases. Since 2002, (after Fitzgerald) the scope of the continuing violation doctrine has been substantially restricted. AMTRAK v. Morgan, 536 U.S. 101 (2002) (discrete acts cannot

---

[3] Plaintiff also alleges that her hostile work environment claims should be treated differently as they support application of the continuing violation doctrine pursuant to AMTRAK v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). It is clear however, that as discussed in Point II of this Reply brief, none of the acts alleged within the timely period give rise to a cognizable hostile environment claim.

5

extend the filing period under the continuing violation doctrine); Humphrey v. Council of Jewish Federations, 901 F. Supp. 703 (S.D.N.Y. 1995); Morse v. University of Vermont, 973 F.2d 122 (2d Cir. 1992); Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162 (U.S. 2007).

The Hospital respectfully requests that the time-barred portions of plaintiff's Title VII and ADEA claims in Counts I, II, III and V (paragraphs 20, 22-24, 27-32, 33-40, 42-43 of plaintiff's complaint) be dismissed now.

## POINT II

## PLAINTIFF'S OPPOSITION BRIEF DID NOT CURE THE DEFECTS OF HER DISCRIMINATION CLAIMS

A.   **Plaintiff Has Not Stated A Discrimination Claim**

In her opposition papers, plaintiff makes a material and dispositive concession, i.e. that her employment was allegedly terminated because she refused to fabricate a justification for grant monies used to purchase computers. (See opposition brief, pp. 1-2). This concession along with: the Hospital's unrefuted legitimate reason for her termination, and, plaintiff's failure to identify any non-black, younger, or male employee who violated the Hospital's telephone policy and who was treated differently, requires the dismissal of plaintiff's discrimination claim now.[4] Contrary to plaintiff's assertions, these are appropriate bases for the pre-answer dismissal of her complaint. Austin v. Ford Models Inc., 149 F3d 148 (2d Cir. 1998) (granting pre-answer dismissal of sex and age disparate treatment claims regarding overtime pay); Valle v. Bally Total Fitness, 2003 U.S. Dist. LEXIS 17093 (S.D.N.Y. Sept. 30, 2003) (pre-answer dismissal granted where complaint failed to incorporate any factual allegations that would indicate how employee's

---

[4] Plaintiff has not opposed the dismissal of her Title VII claims against the two named defendants, Mr. Esteves and Mr. Eudokas. The law has been well settled that individuals *cannot* be held liable for violations of Title VII. See, Tomka v. Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds; Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257 (1998); Simpson v. N.Y. State Dep't of Civ. Serv., 2005 U.S. Dist. LEXIS 3399, 35-36 (SDNY 2005), *aff'd.*, 2006 U.S. App. LEXIS 795, *4 (2d Cir. 2006); Bottge v. Suburban Propane, 77 F. Supp.2d 310 (N.D.N.Y. 1999).

6

race, gender, age, or national origin played a role in the decision to terminate); Jenkins v. New York City Transit Authority, 2002 U.S. Dist. LEXIS 15546 (S.D.N.Y. Aug. 21, 2002) (pre-answer dismissal granted where complaint failed to state a claim under § 1981, NYSHRL, or the Administrative Code of the City of New York where complaint was devoid of factual support for assertions that union failed to adequately represent plaintiff because of race and represented white members with similar cases more diligently); Marshall v. National Assoc. of Letter Carriers Br. 36, 2003 U.S. Dist. LEXIS 19918 (S.D.N.Y. Nov. 7, 2003) (pre-answer dismissal granted where plaintiff's failed to state a race discrimination claim even though he described defendant's actions, because he failed to draw a connection between the disciplinary suspension and his race); McCarthy v. New York City Tech. College, 202 F.3d 161, 166 (2d Cir. 2000) (discharging an employee for violating company policies constitutes a legitimate and nondiscriminatory reason for terminating employment); Shumway v. United Parcel Srvc., Inc., 118 F.3d 60 (2d Cir. 1997) (nondiscriminatory reason for termination where decision to discharge plaintiff was based on violation of company policy; Mangaroo v. Boundless Tech., Inc., 253 F. Supp. 2d 390 (E.D.N.Y. 2003); Lugo v. Milford Mgmt. Corp., 956 F. Supp. 1120, 1129 (S.D.N.Y. 1997).

Plaintiff's conclusory allegations are insufficient as a matter of law and are belied by her own pleading concessions,[5] i.e., plaintiff concedes she was hired by the Hospital when she was already a member of the protected age class and that the Hospital was aware of her gender and

---

[5] Plaintiff also attempts to avoid dismissal by supplementing her complaint with her counsel's affirmation. Plaintiff's counsel directly contradicts plaintiff's complaint with the following alleged discriminatory acts: the Hospital forced plaintiff to re-pay monies to cover the cost of her long distance telephone calls when plaintiff's complaint state no such payment was taken (see, opposition brief, p. 14 as compared with ¶ 61 of complaint); plaintiff overheard three race based comments as compared to the two comments alleged in plaintiff's complaint (opposition brief, p. 12 as compared to ¶ 36 of complaint); plaintiff "vehemently denied" making the telephone calls at issue, when in fact no such denial is contained in her complaint (opposition brief, p. 14 compared with ¶¶55-60, 62 of complaint). Counsel's affirmation has no probative weight nor does it cure the defects of plaintiff's pleading.

race when it hired her. Further, the Hospital's overwhelmingly non-white employee populace negates any inference of discrimination. Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995) [*11] ("Conclusory allegations need not be credited when they are belied by more specific allegations in the complaint."). Plaintiff cannot avoid dismissal by claiming that she needs discovery because the Hospital is seeking dismissal based upon the admissions in and defects of her pleadings. Plaintiff's reliance on Gregory v. Daly, 243 F.3d 687 (2d Cir. 2001) is unavailing because plaintiff's pleading admissions and omissions negate the need for any further discovery and establish that dismissal is warranted now.

**B.     Plaintiff Has Not Pled A Viable Hostile Work Environment Claim**

Plaintiff's hostile work environment allegations, i.e., that her supervisor allegedly made two racially derogatory comments about her in October 2005 and in April 2006, decreased her responsibilities, was not friendly towards her, and gave her a difficult deadline, are insufficient as a matter of law. Although plaintiff's failure to utilize the Hospital's internal complaint procedure is an absolute defense to her hostile work environment claim, these alleged acts, even if taken as true for purposes of this motion only, are simply not sufficiently "severe or pervasive" so as to constitute a hostile work environment. See, e.g., Cooper v. John D. Brush & Co., 242 F. Supp. 2d 261, 271 (W.D.N.Y. 2003) (pre-answer dismissal granted where plaintiff failed to use policy to file a complaint); Brightman v. Prison Health Services, Inc., 2007 U.S. Dist. LEXIS 23724 (E.D.N.Y. Mar. 30, 2007); (pre-answer dismissal granted because a few incidents over a four year period not severe or pervasive enough); Alfano v. Costello, 294 F.3d 365, 380 (2d Cir. 2002) (five incidences with sexual overtones and seven incidents of administrative and personnel decisions over a five year period insufficiently severe or pervasive).

Even post-Swierkiewicz, District Courts in this Circuit have dismissed hostile work environment claims at the pleading stage where the alleged conduct was not severe or pervasive enough to warrant relief. James v. FRB, 2005 U.S. Dist. LEXIS 43493, (E.D.N.Y. Aug. 8, 2005); Prince v. Cablevision Sys. Corp., 2005 U.S. Dist. LEXIS 8147, (S.D.N.Y. May 6, 2005) Further, plaintiff's only specific allegation, i.e., that defendant Esteves allegedly made two offensive comments in her presence over a three and a half year time period, are insufficient to state a cause of action for hostile work environment. Whyte v. Contemporary Guidance Services, 2004 U.S. Dist. LEXIS 12447 (S.D.N.Y. June 30, 2004). Isolated comments will not support a hostile work environment claim and plaintiff's conclusory and base bone allegations are insufficient as a matter of law. Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000); Valle v. Bally Total Fitness, 2003 U.S. Dist. LEXIS 17093, 2003 WL 22244552, at *3 (S.D.N.Y. Sept. 30, 2003) (pre-answer dismissal of complaint which failed to indicate how race, gender, age, or national origin played a role in termination).

Plaintiff has failed to plead the fundamental and necessary element of a hostile environment claim under Title VII, namely that the defendants created a hostile environment through race-related, ethnicity-related, or sex-related conduct. As the Court held in Ortega v. New York City Off-Track Betting, 1998 U.S. Dist. LEXIS 9727 (S.D.N.Y. 1998), these types of allegations pled at bar are insufficient to objectively establish the existence of a hostile work environment, as defined by the Supreme Court; a plaintiff's subjective experience of a hostile environment is not enough. Harris v. Forklift System, Inc., 510 U.S. 17, at 21; Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59, 62 (2d Cir. 1992); Torres v. Pisano, 116 F.3d 625, 631 (2d Cir.), cert. denied, 522 U.S. 997 (1997). Plaintiff's own case citations confirm that her allegations are insufficient as a matter of law, i.e. in Gregory v. Daly, 243 F.3d 687 (2d Cir.

9

2001), the Court makes it abundantly clear that mere conclusory assertions of harassment are insufficient. Accordingly, it is respectfully submitted that the dismissal of plaintiff's hostile work environment claim is warranted now.

## POINT III

### PLAINTIFF'S § 1983 CLAIM FAILS BECAUSE NONE OF THE DEFENDANTS ARE STATE ACTORS

Plaintiff has failed to come forward with any meaningful opposition to defendants' dismissal arguments and instead, seeks discovery without providing any legal basis for the same. Contrary to her contentions, federal funding is insufficient to create state action. Case law is clear that federal funding is not a sufficient basis to create state action. Indeed, the United States Supreme Court has confirmed that a private entity's receipt of direct or significant funding is not a sufficient basis for a 42 U.S.C. §1983 claim. Blum v. Yaretsky, 457 U.S. 991, 1008, 73 L. Ed. 2d 534, 102 S.Ct. 2777 (1982); see also, Okunieff v. Rosenberg, 996 F. Supp. 343, 357 (S.D.N.Y. 1998) (defendant, a doctor in the hospital, could not be deemed a state actor since he is a private individual working for a private institution); Stork v. Suffolk County Department of Social Services, 62 F. Supp. 2d 927, 938 (E.D.N.Y. 1999) (§1983 excludes private conduct no matter how discriminatory or wrongful it is); Young, et al. v. Halle Housing Associates, et al., 2001 U.S. Dist. LEXIS 5820 (S.D.N.Y. 2001). Plaintiff failed to come forward with any basis for the continuation of her § 1983 and her claim should be dismissed now.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant the defendants' Rule 12(b) (6) motion to dismiss plaintiff's complaint in its entirety, and for such other and further relief that this Court deems proper.

Dated:   New York, New York
         April 29, 2008

>                    Respectfully submitted,
>
>                    WILSON, ELSER, MOSKOWITZ,
>                    EDELMAN & DICKER LLP
>
> By:  _____
>      Ricki E. Roer [RER-9393]
>      Nancy V. Wright [NVW-7834]
>      Attorneys for Defendants
>      **BRONX LEBANON HOSPITAL CENTER,
>      ANDREAS EVDOKAS, & RAYMOND
>      ESTEVES**
>      150 East 42nd Street
>      New York, NY 10017-5639
>      (212) 490-3000
>      File No. 08981.00035

TO:   **Gregory G. Smith, Esq.
      GREGORY SMITH & ASSOCIATES**
      Attorneys for Plaintiff
      **PEARLINE LIBURD**
      225 Broadway, Suite 3601
      New York, NY 10007-1901

## DECLARATION OF SERVICE

I, Nancy V. Wright, hereby declare that on April 29, 2008, I caused a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 12(B) (6) MOTION TO DISMISS** captioned *Pearline O. Liburd v Bronx Lebanon Hospital Center, Andreas Evdokas individually and as Administrative Director, Raymond Esteves individually and as Assistant Vice President of Clinical Services, et al.,* Index No.: 07 CV 11316 (HB), to be served by depositing same, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York, on Plaintiff's counsel at the address below, this being the address provided by him for this purpose:

Gregory G. Smith, Esq.
**GREGORY SMITH & ASSOCIATES**
Attorneys for Plaintiff
**PEARLINE LIBURD**
225 Broadway, Suite 3601
New York, NY 10007-1901

Dated:   New York, New York
         April 29, 2008

By: _____
Nancy V. Wright (NVW7834)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants
**BRONX LEBANON HOSPITAL CENTER, ANDREAS EVDOKAS, & RAYMOND ESTEVES**
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 08981.00035