UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PEARLINE O. LIBURD and                            :
THE UNITED STATES OF AMERICA,                     :
                                                  :
                            Plaintiffs,     :     07 Civ. 11316 (HB)
                                                  :
           -against-                             :     OPINION & ORDER
                                                  :
BRONX LEBANON HOSPITAL CENTER,                    :
ANDREAS EVDOKAS individually and as               :
Administrative Director, RAYMOND,                 :
ESTEVES individually and as Assistant Vice        :
President of Clinical Services,                   :
                                                  :
                            Defendants.     :
------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

        In an Opinion and Order dated April 3, 2009 ("April 3 Order"), this Court granted summary judgment in favor of Defendants Bronx Lebanon Hospital Center ("Hospital"), Andreas Evdokas ("Evdokas") and Raymond Esteves ("Esteves") (collectively, "Defendants") on the following claims brought by Plaintiff Pearline O. Liburd ("Liburd" or "Plaintiff"): (1) race/color discrimination under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981; (2) hostile work environment under Title VII and § 1981; and (3) retaliatory termination in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"). Plaintiff moved for reconsideration of the Court's April 3 Order. For the reasons that follow, Plaintiff's motion is denied.

## I. BACKGROUND

        The facts underlying this matter were discussed at length in the April 3 Order, and they will not be repeated here. *See Liburd v. Bronx Lebanon Hosp. Ctr.*, No. 07 Civ. 11316 (HB), 2009 WL 900739, at *1-2 (S.D.N.Y. Apr. 3, 2009). In the April 3 Order, the Court considered voluminous records and affidavits proffered by Plaintiffs and Defendants, and concluded that (1) Plaintiff had failed to establish a *prima facie* claim of race and/or color discrimination under Title VII and § 1981, and even if she had done so, she failed to show that Defendants' legitimate, nondiscriminatory reason for termination was a pretext for discriminatory animus; (2) Plaintiff had failed to shoulder her burden to demonstrate that the conditions of her employment were sufficiently severe or pervasive to constitute a hostile work environment; and (3) Plaintiff had

failed to establish any of the elements of a retaliatory discharge claim under the FCA.  Plaintiff filed the instant motion for reconsideration on April 14, 2009.

## II.  DISCUSSION

**A.**     **Legal Standard**

A motion for reconsideration under Local Rule 6.3 is appropriate only where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted); *see also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000).  The Rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003).  The purpose of this restrictive application of the Rules is, among other things, "to ensure the finality of decisions." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (noting that reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources").  "The difficult burden imposed on the moving party has been established 'in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.'" *Perez v. United States*, 378 F. Supp. 2d 150, 154 (E.D.N.Y. 2005) (quoting *Ruiz v. Commissioner of Dep't of Transp.*, 687 F. Supp. 888, 890 (S.D.N.Y.), *aff'd*, 858 F.2d 898 (2d Cir. 1988)).  The decision of whether to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *Citigroup Global Markets Inc. v. VCG Special Opportunities Master Fund Ltd.*, 08-CV-5520 (BSJ), 2009 U.S. Dist. LEXIS 45819, at *3 (S.D.N.Y. June 1, 2009).

"A motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the original motion was resolved,'" *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73 (2d Cir. 2002) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)), nor is it an opportunity for the moving party to "advance new facts, issues or arguments not previously presented to the Court," *Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (citation omitted).

B.     <u>Analysis</u>

Plaintiff's instant motion is, for the most part, a recapitulation of the arguments she initially put forth in opposition to the Defendants' summary judgment. Insofar as she has argued that this Court should reconsider its April 3 Order as it relates to her claims for hostile work environment and retaliatory termination under the FCA, not one of her arguments is sufficient to grant reconsideration.

Similarly, with respect to the Plaintiff's discrimination claims, the majority of Plaintiff's arguments are repetitive of the same arguments previously put before the Court in opposition to summary judgment. Only three points in Plaintiff's memoranda of law deserve note: (1) Plaintiff's contention that the Court overlooked facts related to patient Kingsley Elliott; (2) Plaintiff's "new evidence" relating to the Hospital's alleged requirement of a local address for billing purposes; and (3) Plaintiff's contention that the Court overlooked controlling law that she argues requires that the findings of an administrative law judge ("ALJ") granting her unemployment benefits be given preclusive effect.

As an initial matter, each of these proffered reasons for reconsideration goes only to the second and third prongs of the Court's analysis of the summary judgment motion on Plaintiff's discrimination claims – that is, whether the Defendants had articulated a legitimate nondiscriminatory purpose for Plaintiff's termination, and whether Plaintiff had raised a genuine issue of material fact that the proffered purpose was merely a pretext for discriminatory animus. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). In this case, Defendants had contended that Plaintiff was terminated from her position at the Hospital because she had made unauthorized long-distance telephone calls in violation of Hospital policy; Plaintiff's rejoinder was that the calls had been business-related, and that Defendants were precluded from using the telephone usage as a reason for her termination because at a hearing before an ALJ, it had been determined that she had not engaged in misconduct and was therefore eligible for unemployment benefits. However, as noted, the principal basis for granting summary judgment on Plaintiff's discrimination claims was that she had failed to satisfy the first prong of the *McDonnell Douglas* by failing to show that her termination had occurred under circumstances that gave rise to an inference of discrimination. Thus, even if I were to accept Plaintiff's contentions that certain material facts or controlling law had been overlooked on the second and third prongs, that part of the analysis was an independent and alternative basis for granting summary judgment, and thus Plaintiff's proffers would not "reasonably be expected to alter the conclusion reached by the

court." *In re BDC 56 LLC*, 330 F.3d at 123.  However, even considering Plaintiff's contentions on their individual merits, it is clear that she has not satisfied her high burden on this motion for reconsideration.

First, Plaintiff contends that the Court overlooked facts relating to Kingsley Elliott, a Hospital patient located in Nevis, to whom Plaintiff allegedly made business-related long-distance telephone calls during the first quarter of 2006.  In other words, Plaintiff contends that the Court was mistaken when it found that she "cannot even point to a single patient she called to substantiate a business purpose for her long distance calls."[1]  This contention must fail, for several reasons.  First, the facts and documents relating to Kingsley Elliott to which Plaintiff now points were considered by the Court on the summary judgment motion and found not to raise a genuine issue of material fact.  The Court need not detail all of its reasons for granting summary judgment, and any arguments Plaintiff made that were not expressly rejected in the April 3 Order were rejected implicitly.  Second, as Defendants point out, none of the documents to which Plaintiff now points relating to allegedly legitimate business purposes for her long-distance phone calls is relevant or admissible – if anything, they show that Mr. Elliott was treated at the Hospital in 2004, which does not account for the long-distance telephone calls made from Plaintiff's extension in the first part of 2006.  Therefore the Court did not overlook any facts relating to this patient that warrant reconsideration of the April 3 Order.

Second, Plaintiff submits on this motion for reconsideration an affidavit in which she avers that "when a patient is registered to a clinic at [the Hospital] the patient must provide a local address for among other reasons, billing purposes."  She offers this testimony to counter the contention that all of the files for patients that she had identified as having come to the Hospital from the Caribbean, and thus substantiating her long-distance phone calls, in fact contained local addresses.  First, this "evidence" was not put before the Court in Plaintiff's opposition to the summary judgment motion, and it is therefore not properly before the Court now.  *Caribbean Trading*, 948 F.2d at 115 (party moving for reconsideration may not "advance new facts, issues or

---

[1] At oral argument on the summary judgment motion, Plaintiff's counsel identified a "Dr. Kingsley," who he represented was a patient at the Hospital whose local address was in Nevis and who was identified on Plaintiff's list of patients.  Because there was no patient identified on the list by the last name Kingsley, the Court found that Plaintiff's contention did not hold water.  Now Counsel represents that he misspoke, and the patient to whom he referred was Kingsley Elliott.  To be sure, Plaintiff submitted several documents relating to Kingsley Elliott, which the Court reviewed and considered in deciding the summary judgment motion.  There was no way for the Court to have known, based on Counsel's representations, that "Dr. Kingsley" and Kingsley Elliott were one and the same.

4

arguments not previously presented to the Court"). Moreover, as Plaintiff concedes in her memorandum of law, the only source of this new "evidence" on the Hospital's alleged billing address policy is Plaintiff's own affidavit submitted in support of the reconsideration motion. As is clearly set forth in Local Rule 6.3, "[n]o affidavits shall be filed by any party unless directed by the court." *See, e.g.*, *Ralph Oldsmobile Inc. v. General Motors Corp.*, No. 99 Civ. 4567, 2001 U.S. Dist. LEXIS 421, at *4 (S.D.N.Y. Jan. 23, 2001) ("When a party improperly submits an affidavit on a motion for reconsideration, the appropriate remedy is to strike the affidavit and disregard it.").

Finally, Plaintiff now contends that the ALJ's determination is entitled to preclusive effect because it was reviewed and affirmed by the New York State Unemployment Insurance Appeal Board. Plaintiff is mistaken. First, as noted in the April 3 Order, "the findings of an unreviewed state administrative proceeding have no preclusive effect in federal court on Title VII claims." *Liburd*, 2009 WL 900739, at *6 n.11 (citing *University of Tenn. v. Elliott*, 478 U.S. 788, 796 (1986)). Plaintiff contends that the ALJ's determination in her unemployment hearing was not "unreviewed" because it was appealed to the Unemployment Insurance Appeal Board, which is "resembles a court"; however, as courts have made clear, the administrative determination must be appealed "through the state courts." *E.g.*, *Lawrence v. Thomson Learning, Inc.*, Civ. No. 1:05-CV-329 (RFT), 2007 U.S. Dist. LEXIS 39988, at *94 (N.D.N.Y. June 1, 2007) ("[S]ince the ALJ's findings were never appealed through the state courts, no preclusive effect is possible.") (citing, *inter alia*, *Elliott*, 478 U.S. at 796). For this reason alone, Plaintiff's contention must fail.

Further, in considering cases with virtually identical facts to this one, courts refuse to give preclusive effect to an administrative finding that the plaintiff was entitled to unemployment benefits because her behavior "did not rise to the level of misconduct" for the purpose of precluding an employer's proffered legitimate nondiscriminatory purpose in discrimination cases. *See, e.g.*, *Mustafa v. Park Lane Hotel, Inc.*, 12 F. Supp. 2d 360, 363 n.5 (S.D.N.Y. 1998) ("[A] grant of unemployment benefits . . . does not dispose of [the discrimination] issue because of the different standards involved.") (citing *Fondel v. Grumman Aerospace Corp.*, 884 F.2d 657, 659 (2d Cir. 1989)); *Obiajulu v. City of Rochester*, 975 F. Supp. 469, 472 (W.D.N.Y. 1997) ("Discrimination . . . was not an issue in . . . the unemployment proceedings."); *Hernandez v. New York City Law Dep't Corp. Counsel*, No. 94 Civ. 9042 (AJP) (SS), 1997 U.S. Dist. LEXIS 620, at *52 (S.D.N.Y. Jan. 23, 1997) ("[E]ven an unemployment insurance decision affirmed by a New York court in an Article 78 proceeding will not be given preclusive effect in this Circuit because

of the difference of the issues involved.") (citing *Hill v. Coca Cola Bottling Co. of N.Y.*, 786 F.2d 550, 553 (2d Cir. 1986)); *Gore v. R.H. Macy & Co.*, No. 86 Civ. 9684 (MBM), 1989 U.S. Dist. LEXIS 6578, at *9 (S.D.N.Y. June 13, 1989) (ALJ's finding that plaintiff was not guilty of misconduct for unemployment insurance purposes was not entitled to preclusive effect in employment discrimination suit because issues were not identical and defendant did not have full and fair opportunity to litigate since incentive to litigate unemployment claim was "minuscule" compared to liability it faced in discrimination action); *Wilson v. Supreme Color Card, Inc.*, No. 87 Civ. 0037 (KC), 1988 U.S. Dist. LEXIS 5156, at *4-5 (S.D.N.Y. June 6, 1988) (refusing to give preclusive effect in employment discrimination action to ALJ's findings in unemployment insurance proceeding, since in that proceeding, "it was [plaintiff]s' conduct, rather than [defendant's], that was being judged"); *see also Hamilton v. Mount Sinai Hosp.*, 528 F. Supp. 2d 431, 443 (S.D.N.Y. 2007). Thus, the issue before the ALJ and Unemployment Insurance Appeal Board – whether Plaintiff had engaged in misconduct sufficient to disqualify her from receiving unemployment benefits – was distinct from the issue before the Court on Plaintiff's discrimination claim – whether Defendants had articulated a legitimate nondiscriminatory reason for terminating her employment. Accordingly, none of Plaintiff's contentions lives up to the high burden required of her on her instant motion for reconsideration.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. Plaintiff's concomitant request that Magistrate Judge Francis's March 25, 2009 Order be reversed and vacated is also DENIED. The Clerk of the Court is instructed to close this case and remove it from my docket.

**IT IS SO ORDERED.**

New York, New York
June 9, 2009

U.S.D.J.

6